# EXHIBIT 22

Case 1:16-cv-01084-GJQ-RSK   ECF No. 8-22 filed 10/12/16   PageID.1950   Page 2 of 5

**DEPARTMENT OF TRANSPORTATION**

**Federal Highway Administration**

**23 CFR Part 655**

**[FHWA Docket No. FHWA–2007–28977]**

**RIN 2125–AF22**

**National Standards for Traffic Control Devices; the Manual on Uniform Traffic Control Devices for Streets and Highways; Revision**

**AGENCY:** Federal Highway Administration (FHWA), (DOT).

**ACTION:** Final rule.

**SUMMARY:** The Manual on Uniform Traffic Control Devices for Streets and Highways (MUTCD) (also referred to as ''the Manual'') is incorporated by reference within our regulations, approved by the Federal Highway Administration, and recognized as the national standard for traffic control devices used on all public roads. The purpose of this final rule is to revise standards, guidance, options, and supporting information relating to the traffic control devices in all parts of the MUTCD to expedite traffic, promote uniformity, improve safety, and incorporate technology advances in traffic control device application. The MUTCD, with these changes incorporated, is being designated as the 2009 Edition of the MUTCD.

**DATES:** *Effective Date:* This final rule is effective January 15, 2010. The incorporation by reference of the publication listed in this regulation is approved by the Director of the Office of the Federal Register as of January 15, 2010.

**FOR FURTHER INFORMATION CONTACT:** Mr. Hari Kalla, Office of Transportation Operations, (202) 366–5915; or Mr. Raymond Cuprill, Office of the Chief Counsel, (202) 366–0791, Federal Highway Administration, 1200 New Jersey Ave., SE., Washington, DC 20590. Office hours are from 7:45 a.m. to 4:15 p.m., e.t., Monday through Friday, except Federal holidays.

**SUPPLEMENTARY INFORMATION:**

**Electronic Access**

This document, the notice of proposed amendments (NPA), and all comments received may be viewed online through the Federal eRulemaking portal at: *http://www.regulations.gov.* Electronic submission and retrieval help and guidelines are available under the help section of the Web site. It is available 24 hours each day, 365 days each year. Please follow the instructions. An electronic copy of this document may also be downloaded from the Office of the Federal Register's home page at: *http://www.archives.gov* and the Government Printing Office's Web page at: *http://www.access.gpo.gov/nara.*

**Background**

On January 2, 2008, at 73 FR 268, the FHWA published an NPA proposing revisions to the MUTCD. Those changes were proposed to be designated as the next edition of the MUTCD. Interested persons were invited to submit comments to FHWA Docket No. FHWA–2007–28977. Based on the comments received and its own experience, the FHWA is issuing a final rule and is designating the MUTCD, with these changes incorporated, as the 2009 Edition of the MUTCD.

The text of the 2009 Edition of the MUTCD, with these final rule changes incorporated, and documents showing the adopted changes from the 2003 Edition, are available for inspection and copying, as prescribed in 49 CFR part 7, at the FHWA Office of Transportation Operations (HOTO–1), 1200 New Jersey Avenue, SE., Washington, DC 20590. Furthermore, the text of the 2009 Edition of the MUTCD, with these final rule changes incorporated, and documents showing the adopted changes from the 2003 Edition, are available on the FHWA's MUTCD Internet site *http://mutcd.fhwa.dot.gov.* The previous version of the MUTCD, the 2003 MUTCD with Revisions 1 and 2 incorporated, is also available on this Internet site. The 2009 Edition supersedes all previous editions and revisions of the MUTCD.

**Summary of Comments**

The FHWA received 1,841 letters submitted to the docket, containing over 15,000 individual comments on the MUTCD in general or on one or more parts, chapters, sections, or paragraphs contained in the MUTCD. The National Committee on Uniform Traffic Control Devices (NCUTCD), State Departments of Transportation (DOTs), city and county government agencies, Federal government agencies, consulting firms, private industry, associations, other organizations, and individual private citizens submitted comments. The FHWA has reviewed and analyzed all of the comments received. The NCUTCD comments included support for all items in the NPA except as otherwise indicated. The significant comments and summaries of the FHWA's analyses and determinations are discussed below. General comments and significant global changes throughout the MUTCD are discussed first, followed by discussion of significant comments and adopted changes in each of the individual Parts of the MUTCD. All of the items discussed below were proposed in the NPA unless otherwise indicated.

*Discussion of General Amendments to the MUTCD*

1. The FHWA received several general comments from State DOTs, local agencies, associations, and citizens regarding the NPA. Two local agencies, a traffic control device vendor, an association, and two citizens expressed general support for the changes in the MUTCD, such as incorporating into the MUTCD recommendations of the Older Driver Handbook, the Synthesis of Non-MUTCD Traffic Signs, and new technologies. In addition to the overall general comments, some of the commenters had specific comments that relate to the entire MUTCD. Those topics that the FHWA considers to be substantive and non-editorial in nature are discussed in the following items within this section.

2. The NCUTCD submitted a letter suggesting that the FHWA issue a supplemental notice of proposed amendments (SNPA). Fourteen State DOTs, AASHTO, and the Chair of the NCUTCD submitted duplicate copies of the NCUTCD's letter in support of an SNPA. In addition, three State DOTs, a county DOT, an NCUTCD member, and a traffic engineering consultant also stated support for the NCUTCD's letter. The NCUTCD's letter included the following statements in support of an SNPA:

1. The NPA did not include a quantified assessment of the economic impacts of the proposed changes on public agencies and the private sector.

2. More details are needed regarding some of the proposed changes and some of the proposed changes need to be reorganized or reformatted.

3. The extent of the proposed changes and the number of expected comments is such that the final rule would be significantly different from the NPA version, and would therefore constitute a new document which should be reviewed as an SNPA prior to becoming a final rule.

4. Because of the interconnectivity between the language in the various sections, chapters, and parts, a change in one section might have impacts on multiple other sections. Therefore, an SNPA is needed in order to have the opportunity to review additional changes resulting from responses to comments to assess whether they are consistent with each other.

5. There is precedent for issuing multiple proposed rules for changes to the MUTCD.

6. It is essential that the FHWA provide an opportunity to review the FHWA responses to the docket so that implementation and liability changes can be identified, assessed, and discussed before a final rule is published.

7. An SNPA is needed to assess the FHWA response to comments and evaluate the level of engineering flexibility that will be provided in the next edition of the MUTCD.

Five State DOTs, a local agency, nine toll road operators, a major retail business owner, and a traffic engineering consultant also expressed general support for an SNPA.

Two bicycle associations, a traffic engineering consultant, and a citizen disagreed with the need for an SNPA and requested that FHWA publish a final rule. The two bicycle associations suggested that if an SNPA were to be published instead of a final rule, the FHWA should issue Interim Approvals for all new devices and applications in Part 9 so that public agencies can begin installing them to improve conditions for bicyclists.

The FHWA carefully reviewed and considered the concerns both for and against issuing an SNPA and decided that an SNPA is not necessary or appropriate. The FHWA determined that the seven specific statements cited by the NCUTCD in support of an SNPA do not justify delaying the finalization of a new edition of the MUTCD that will significantly improve the safety and efficiency of highway travel. Additionally, in making decisions in the final rule regarding the various technical issues cited in the letters from the NCUTCD and others who requested an SNPA, the FHWA has taken into consideration the concerns expressed. To address the concerns, in most cases the FHWA has revised certain provisions to make them less restrictive or has deleted from the final rule certain provisions that were proposed in the NPA, has reorganized and reformatted material to clarify it, and has eliminated specific target compliance dates or established long compliance periods consistent with service lives of the devices. In most cases the new provisions apply only to new installations or reconstructions of devices, and the provisions for systematic upgrading cited in Section 655.603(d)(1) of title 23, Code of Federal Regulations[1] allow existing noncompliant devices in good condition to remain in place until the end of their service lives, thus minimizing any impacts of new requirements on State or local highway agencies and owners of private roads open to public travel.

3. The FHWA received comments from three local agency DOTs, an association of counties, and a citizen suggesting that there are too many proposed changes to the MUTCD and that many of the changes are too complex. The FHWA believes that continuously updating the MUTCD is necessary in order to incorporate advances in technology, new research results, and state of the practice in traffic control devices. Since the MUTCD's purpose is to improve safety and efficiency, the MUTCD must be revised to remain current with these new technologies and applications.

4. A State DOT, 10 local agency DOTs, an association representing local DOTs, and a traffic engineering consultant expressed concern that there were too many new STANDARD statements (or GUIDANCE statements elevated to STANDARD statements) in the proposed revisions, and that the large number of changes places an undue financial burden on agencies. The FHWA believes that the changes to the MUTCD will provide improved uniformity in traffic control device applications across the country, thereby increasing safety, and that the additional Standards will not result in undue financial burden on agencies. As discussed under Amendments to the MUTCD Introduction, in the vast majority of cases existing devices in good condition that are not in compliance with new standards can remain in place for the remainder of their service life, thus minimizing any impacts of new requirements on State or local highway agencies and owners of private roads open to public travel.

5. The FHWA received comments from a State DOT and three city DOTs opposing the scope of the changes within the MUTCD and suggesting that many of the changes are more appropriate for a handbook, rather than the MUTCD. Several of the commenters expressed concern that the MUTCD was becoming more prescriptive in nature, thus limiting creativity, flexibility, and judgment. The FHWA believes that the widespread use of the MUTCD by State and local agencies and design professionals, and its importance as a Federal regulation for traffic control devices justifies the level of detail incorporated in the MUTCD. Further, the FHWA believes that sufficient justification has been provided for any new standards and that ample latitude for flexibility and judgment is provided in the application of Guidance and Options in the MUTCD.

6. The FHWA adopts a new cover page for this edition of the MUTCD that maintains general consistency with covers of previous editions, but with changes to give it a distinctive appearance to minimize the possibility of confusion by users. The date of this edition, which is identified on the cover and elsewhere within the document, is the year in which the final rule is issued.

7. The FHWA includes paragraph numbers in the margins for each paragraph of each section for the final page images of this edition of the MUTCD. The FHWA includes these paragraph numbers in order to aid practitioners in referencing the MUTCD, as well as to assist readers of future MUTCD notices of proposed amendments. The FHWA posted sample pages on its MUTCD Web site showing four possible methods for paragraph numbering and as part of the NPA asked interested persons to review the sample pages and provide comments to the docket on the paragraph numbering options. Based on comments, the FHWA numbers the paragraphs in the manner that was shown as Alternative #3, with dark numerals outside the margin, and in a font that is easy to read without being distracting.

8. The NCUTCD, two State DOTs, and a citizen provided comments regarding the format of MUTCD pages, print style, numbering of sections, etc. Based on a comment from the NCUTCD, the FHWA changes the font of GUIDANCE statements to italics to distinguish them from OPTION and SUPPORT statements. As part of this change, the FHWA eliminates italics from the titles of figures and tables.

9. The FHWA received several comments regarding the use of metric units in the MUTCD. The NCUTCD, six State DOTs, ATSSA, an NCUTCD member, and two traffic engineering consultants suggested that the metric units be removed in their entirety or that the English units precede the metric units, and a traffic engineering consultant suggested that the MUTCD continue to be issued with both systems of measurement. Because metric units are not currently used in the U.S. for traffic control device applications, the FHWA determines that only English units are to be used in the MUTCD text, figures, and tables and places metric

---

[1] The Code of Federal Regulations can be viewed at the following Internet Web site: *http://www.gpoaccess.gov/CFR/*.

equivalent values for all English unit values used in the MUTCD in a new Appendix A2 in this final rule. This preserves the soft conversions of the English to metric values in the MUTCD while also providing a document that is less cumbersome to read and apply. This change is consistent with an Informational Memorandum from FHWA's Executive Director, dated November 25, 2008,[2] stating that use of metric measurements will now be optional in all FHWA documents, including letters, memoranda, publications, reports, and information on FHWA Web sites.

10. Throughout the MUTCD, the FHWA incorporates minor changes in text, figures, and tables for grammatical or style consistency, to improve consistency with related text or figures, to improve clarity, or to correct minor errors. Where the FHWA adds a new chapter within a part of the MUTCD, a new section within a chapter of the MUTCD, or a new item within a listing, the chapters or sections or items that follow the addition are renumbered or relettered accordingly. All Tables of Contents, Lists of Figures, Lists of Tables, and page headers and footers are revised as appropriate to reflect the changes.

11. The FHWA modifies figures and tables to reflect changes in the text and adds figures and tables to illustrate new or revised text.

12. In various sections of the Manual, the FHWA relocates statements or paragraphs in order to place subject material together in logical order, to provide continuity, or to improve flow. In addition, the FHWA changes the titles of some sections, figures, and tables in order to more accurately describe the content.

13. As proposed in the NPA, the FHWA removes the phrase "reasonably safe" throughout the Manual because it cannot be easily defined, and as a result it is open to too much subjective interpretation. The FHWA received a comment from a local DOT opposed to this revision, stating that there are some circumstances in the MUTCD where the phrase "reasonably safe" reflects real-world conditions, and that removing the phrase could pose a liability problem to State and local agencies in civil litigation. The FHWA disagrees because of the subjectivity of the term and for each occurrence of the term either eliminates or replaces the term with suitable language that is more appropriate.

14. The FHWA changes the references to the book previously titled "Standard Highway Signs" to refer to the current title, "Standard Highway Signs and Markings." This reflects FHWA's change of the title of that book to more accurately reflect its content, which includes information regarding pavement markings. The FHWA received a comment from ATSSA in support of this change. The FHWA also resolves the inaccuracies between the sign illustrations in the MUTCD and the "Standard Highway Signs and Markings" (SHSM) book to the extent practical in the MUTCD figures.

15. The FHWA conducted a comprehensive review of all of the sign codes used throughout the Manual, and revises sign codes in several places in order to provide more consistency and clarity. As part of this process, the FHWA revises the term "sign code" to "sign designation" to avoid confusion with other uses of the word "code." The FHWA received a comment from ATSSA in support of this change. A State DOT opposed sign nomenclature changes, stating that these changes could be complex for agencies that catalog sign inventory databases based on the nomenclature. The FHWA understands the issues related to inventory databases but determines that the nomenclature changes are necessary for consistency. The FHWA received a comment from ATSSA suggesting that the suffix "w" be used for word message signs to avoid confusion with the "a" suffix being used for abbreviations in the route marker series (such as M4–1a and M4–7a). The FHWA disagrees and uses the "a" suffix in sign designations for word message signs that are alternatives to symbol signs, as presented in the NPA. The FHWA uses the "P" suffix for designations for plaques to clarify that these devices must accompany a sign and cannot be used alone. ATSSA supported this change. Also, based on a comment from a citizen, the FHWA adds a column to the sign size tables in Parts 6 and 9 to cite the applicable MUTCD Section for each sign so that MUTCD users can review the pertinent information for each sign. The sign size tables for other Parts of the MUTCD already have this column.

16. Based on a comment from the NCUTCD that a single location should be provided where all definitions can be found, the FHWA places all definitions in Part 1 by relocating to Section 1A.13 all definitions that were previously contained or repeated in the MUTCD Introduction and in Parts 2 through 10 of the 2003 MUTCD and in the NPA.

17. The FHWA adds information in the MUTCD regarding toll plaza applications, because toll facilities are becoming more common and there is a need to provide more consistent use of signs, signals, and markings in advance of and at toll plazas, in order to enhance safety and convenience for road users. The FHWA adds provisions on toll plaza traffic control devices to Parts 2, 3, and 4 that reflect the results of research studies on best practices for traffic control strategies at toll plazas,[3] FHWA's policy on toll plaza traffic control devices,[4] and FHWA's report on "Strategies for Improving Safety at Toll Collection Facilities." [5] The NCUTCD and 10 agencies that operate toll facilities suggested that the toll road related material be placed in a new, separate Part to facilitate the use of this material. The FHWA understands that the toll operators would like to have the information consolidated into one area, but disagrees with adding a separate Part. Instead, the FHWA creates new chapters for toll plazas within Parts 2, 3, and 4 and places the new toll-related material in those chapters.

18. The FHWA expands the provisions regarding preferential lanes and adds new provisions regarding managed lanes in various parts of the MUTCD to address the increasing complexity and use of these types of lanes. Although four agencies that operate toll facilities expressed support for the need for increased uniformity in traffic control devices on managed lanes for the purposes of improving traffic safety, eight agencies (including some of those who also supported the need for including toll facilities in the MUTCD) expressed concern that the changes will place a financial burden on their agency, and two of these agencies felt that the changes were too restrictive and should reflect recommendations, rather than requirements. The FHWA understands that changes in the MUTCD are often met with financial concerns; however, the FHWA believes that the provisions for systematic upgrading

---

[2] Informational Memorandum, "Update on Metric Use Requirements for FHWA Documents," by Jeffrey Paniati, dated November 25, 2008, can be viewed at the following Internet Web site: *http://www.fhwa.dot.gov/programadmin/contracts/1108metr.cfm*.

[3] "State of the Practice and Recommendations on Traffic Control Strategies at Toll Plazas," June 2006, can be viewed at the following Internet Web site: *http://mutcd.fhwa.dot.gov/rpt/tcstoll/index.htm*.

[4] "Toll Plaza Traffic Control Devices Policy," dated September 8, 2006, can be viewed at the following Internet Web site: *http://mutcd.fhwa.dot.gov/resources/policy/tcstollmemo/tcstoll_policy.htm*.

[5] "Strategies for Improving Safety at Toll Collection Facilities," Report number FHWA–IF–08–005, May 2008, can be viewed at the following Internet Web site: *http://ops.fhwa.dot.gov/tolling_pricing/resources/report/toll_summary/index.htm*.

cited in Section 655.603(d)(1) of title 23, Code of Federal Regulations [6] will enable changes associated with the final rule to be accommodated without significant expense. The information on preferential and managed lanes is contained primarily in Parts 2 and 3 and is intended to address specific signing and marking issues associated with High Occupancy Toll (HOT) lanes, variable tolls and other operational strategies on managed lanes, etc. To better facilitate user understanding, the FHWA creates new chapters for preferential and managed lanes in Parts 2 and 3 and places the new and existing material on those subjects in those chapters. In addition, as proposed in the NPA, the FHWA eliminates some information regarding preferential lanes that is too specific for the MUTCD because it deals with highway planning and programmatic matters rather than the traffic control devices for preferential lanes.

19. The FHWA received comments from a variety of commenters on subject material that was not included in the NPA. In some cases those comments pertain to existing subject matter in the 2003 Edition that was not proposed for change in the NPA, while in other cases the commenters suggest new material for the MUTCD such as new signs or different traffic control device applications from those included in the 2003 Edition or the NPA. Comments received during the comment period that were outside the scope of this rulemaking are neither discussed in this preamble nor addressed in the final rule. The FHWA appreciates these comments, and might consider some of these ideas for potential future rulemaking activities.

*Discussion of Amendments Within the Introduction*

20. The FHWA revises paragraph 01 regarding the definition of traffic control devices to reflect that traffic control devices on private roads open to public travel are placed by authority of the private property owner or private official having jurisdiction. A State DOT commented that the existing language and that proposed in the NPA for this paragraph implied that public agencies have the authority to place traffic control devices on private roads open to public travel. The FHWA agrees that clarification is needed and revises the text accordingly.

21. In the NPA, the FHWA proposed revisions and additions to the text regarding the locations where the MUTCD applies. Two city DOTs, an NCUTCD member, three transportation professionals, a traffic control device vendor, and two citizens all supported the changes, as proposed in the NPA and as currently provided in the CFR, to apply the MUTCD to private roads open to public travel. Two State DOTs, a local DOT, and an employee of a State DOT opposed applying the MUTCD to private roads, mostly because of concerns about enforcement of the provisions. The FHWA recognizes that enforcement can only occur when a State includes the requirement to comply with MUTCD in State ordinances, local building codes, development approvals, site plans, etc., and as a result of the potential tort liability to the owners of the private roads. The FHWA believes that public agency traffic engineers are not expected to enforce this provision for existing conditions on private roads open to public travel.

Two State DOTs and two toll road operators suggested that the wording be revised to reflect that toll roads may be operated by public, quasi-public, or private entities and that toll roads are gated and restricted by tolling. The FHWA agrees and revises the language in this final rule and in 23 CFR 655.603(a),[7] to clarify that, for the purpose of applicability of the MUTCD, toll roads under the jurisdiction of public agencies or authorities or of public-private partnerships are considered to be public facilities, and that ''open to public travel'' includes private toll roads and roads within shopping centers, airports, sports arenas, and other similar business and/or recreation facilities that are privately owned, but where the public is allowed to travel without access restrictions. To address the comments from two toll road operators, this final rule language further clarifies that except for gated toll roads, roads within private gated properties where public access is restricted at all times shall not be considered to be open to public travel.

The FHWA received several comments from a major retail business operator suggesting that there are many items in the MUTCD that are not easily applicable to parking lots within shopping centers and the driving aisles within those parking lots. The FHWA agrees that, while MUTCD general principles and standard traffic control device designs should be used in parking lots, there are some MUTCD provisions that do not easily translate to conditions typically found in parking lots and parking garages. The FHWA believes that additional future consideration is needed to determine appropriate and feasible standards and guidance for the application of traffic control devices in parking lots. Therefore, the FHWA exempts parking spaces and driving aisles in parking lots, both privately and publicly owned, from MUTCD applicability in this final rule. The MUTCD continues to be applicable to ring roads, roads providing access to or egress from public roads, and circulation roads on private property open to public travel. Accordingly, throughout the MUTCD, where the term ''private property open to public travel'' was used in the NPA, the FHWA clarifies the term to be ''private road open to public travel'' and provides a precise definition of that term in Section 1A.13 in this final rule. The FHWA also incorporates these changes into 23 CFR 655.603(a).

As proposed in the NPA, the FHWA also modifies the wording of 23 CFR 655.603(a) to remove the exemption from MUTCD applicability for military bases, based on a request from the Military Surface Deployment and Distribution Command to include military bases, in order to facilitate road user safety through conformity and consistency with national standards.

22. The FHWA adds SUPPORT paragraph 05 to clarify that pictographs embedded within signs are not in themselves considered traffic control devices and thus the pictographs are not subject to the provisions in paragraph 04 that prohibit patented, copyrighted, or trademarked items. This clarification is necessary to address frequent questions from users of the MUTCD on this subject.

23. In concert with the change to show dimensions throughout the MUTCD in only English units, the FHWA revises the text in paragraphs 13 and 14 to provide a reference to new Appendix A2 for tables converting each of the English unit numerical values to the equivalent Metric values and to recommend that if metric units are to be used in laying out distances or determining sizes of devices, such units should be specified on plan drawings and made known to those responsible for designing, installing, or maintaining traffic control devices.

24. In the NPA, the FHWA proposed to revise the paragraph regarding adoption of MUTCD revisions by the States or other Federal agencies, substantial conformance of State or

---

[6] The Code of Federal Regulations can be viewed at the following Internet Web site: *http://www.gpoaccess.gov/CFR/*.

[7] The **Federal Register** Notice for the Final Rule, dated December 14, 2006, Vol. 71, No. 240, pages 75111–75115, can be viewed at the following Internet Web site: *http://frwebgate.access.gpo.gov/cgi-bin/getdoc.cgi?dbname=2006_register&docid=fr14de06-6.pdf*.