UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE OF MICHIGAN,

    Plaintiff,

v.                                                                                                          Case No. 1:16-CV-1084

M22, LLC,                                                                                         HON. GORDON J. QUIST

    Defendant.
_____/

## ORDER FOR FURTHER BRIEFING

Pursuant to Article III of the United States Constitution, federal courts have the power to hear "cases" or "controversies." *See Fieger v. Mich. Supreme Ct.*, 553 F.3d 955, 961 (6th Cir. 2009). The "case-or-controversy limitation is crucial in maintaining the tripartite allocation of power set forth in the Constitution." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341, 126 S. Ct. 1854, 1861 (2006) (internal quotation marks and citations omitted). Standing is one of several principles used to ensure compliance with the case or controversy requirement. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992). "Standing is the 'threshold question in every federal case.'" *Grendell v. Ohio Supreme Ct.*, 252 F.3d 828, 832 (6th Cir. 2001) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999)). "[A] plaintiff in federal court must allege such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Greater Cincinnati Coal. for the Homeless v. City of Cincinnati*, 56 F.3d 710, 715 (6th Cir. 1995) (internal quotation marks and citations omitted).

Standing encompasses both Article III requirements, as well as prudential limitations on the exercise of jurisdiction. *Kowalski v. Tesmer*, 543 U.S. 125, 128–29, 125 S. Ct. 564, 567

(2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 2205 (1975)).  To establish Article III standing, a plaintiff must show injury-in-fact, a causal relationship between the injury and the defendant's challenged acts, and the likelihood that a favorable decision will redress the injury.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136 (1992).  An injury-in-fact must be "concrete and particularized and actual or imminent."  *Id*. at 560, 112 S. Ct. at 2136.  A plaintiff who seeks declaratory relief can meet the standing requirements by showing "actual present harm or a significant possibility of future harm . . . ."  *Peoples Rights Org., Inc. v. City of Columbus*, 152 F.3d 522, 527 (6th Cir. 1998).

After reviewing the briefs in support of the parties' motions, the Court has concerns as to Plaintiff's standing, particularly with respect to the injury requirement.  The Court concludes that ruling on the current motions would be premature without first resolving this issue, and that further briefing is required in order to do so.

Therefore,

**IT IS HEREBY ORDERED** that the motion hearing set for **January 5, 2017** is adjourned.

**IT IS FURTHER ORDERED** that by **January 13, 2017**, the parties shall file briefs not to exceed 10 pages addressing Plaintiff's standing in this case.

**IT IS FURTHER ORDERED** that the parties will have until **January 20, 2017** to file briefs in response not to exceed five pages.


Dated: December 20, 2016                              /s/ Gordon J. Quist
                                                           GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE